IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINCY D. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-650-HE |
| ) | |
| CORECIVIC CIMARRON ) | |
| CORRECTIONS et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Quincy D. Brown seeks civil rights relief under 42 U.S.C. § 1983 for alleged constitutional violations during his incarceration at the Cimarron Correctional Facility. Doc. 1.[1] United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Plaintiff names as Defendants CoreCivic, Inc. and Lieutenant Jerry Barton[2] in his individual and official capacities, along with several unnamed corrections officers ("Officers") in their individual and official capacities. Doc. 1, at 8-10. Defendants CoreCivic

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] Plaintiff names as Defendant "Mr. Brinton (Lieutenant)." Doc. 1, at 8. But Lieutenant Jerry Barton was later served, and counsel entered an appearance on his behalf. Docs. 37, 41.

and Barton filed a motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing § 1983 is not the proper avenue for civil rights relief because Plaintiff is a federal inmate; Plaintiff responded. Docs. 43, 46. The undersigned recommends the Court grant Defendants' motion to dismiss.

### I.     Background and Plaintiff's claims.

Plaintiff is a convicted federal prisoner in Bureau of Prisons' custody. Doc. 1, at 7. Plaintiff's claims concern his incarceration at the Cimarron Correctional Facility. *See* Doc. 1. CoreCivic owns and operates the facility and the federal government contracts with CoreCivic for temporary detention of federal inmates. Doc. 43, at 2; *see also Cimarron Corr. Facility*, CORECIVIC, https://www.corecivic.com/facilities/cimarron-facility (last visited Oct. 2, 2024).

Plaintiff claims violation of his Eighth Amendment protections against cruel and usual punishment, alleging "excessive force[d] choking, and battery," Doc. 1, at 12, and "[deliberate] indifference and negligence" based on "failure to intervene to an obvious and serious danger," *id.* at 13. Plaintiff suggests he is proceeding under § 1983. *Id.* at 3.

2

## II. The Court should grant Defendants' motion to dismiss.

Defendants seek dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Doc. 43. To withstand a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the facts alleged "raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to establish plaintiff's claim. *Id.* at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court liberally construes a pro se litigant's complaint, but just like any other litigant, a pro se plaintiff bears the burden to "alleg[e] sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants move for dismissal because Plaintiff "has no cause of action under 42 U.S.C. § 1983." Doc. 43, at 2. The Court agrees—Plaintiff has no cause of action under § 1983 or even liberally construing his claims as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Section 1983 only allows suit against individual defendants who are acting under color of state law and does not apply to those acting as agents of the federal government. *See Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000). Therefore, § 1983 does not allow suit against Cimarron Correctional Facility employees or contractors under these circumstances. *See, e.g.*, *Harrison v. Richardson*, 2009 WL 735128, at *1-2 (D. Kan. Mar. 19, 2009) (concluding plaintiff had not stated a cause of action under § 1983 against employees of a private prison "that often contracts with an agency of the United States" and which was housing state prisoners "pursuant to a contract between federal agencies and the [state department of corrections]"); *see also Lopez v. Vladimir*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3 (W.D. Okla. Nov. 18, 2020), *adopted*, 2021 WL 741783 (W.D. Okla. Feb. 25, 2021).[3]

*Bivens* also does not provide an avenue for relief. First, the purpose of a *Bivens* remedy "is to deter federal officials from committing constitutional violations," and that concern is less acute when a private actor violates the Constitution. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). *Malesko*

---

[3] Plaintiff names Defendant Barton and the Officers in their official capacities, but private employees "do not possess an 'official capacity' in which to be sued." *Tenison v. Byrd*, 826 F. App'x 682, 687 (10th Cir. 2020). So the undersigned recommends dismissal of the claims against these Defendants in their official capacities.

examined whether to extend a *Bivens* remedy for deliberate indifference to medical needs against a private prison corporation acting under a contract with the Federal Bureau of Prisons. 534 U.S. at 66-74. The Supreme Court declined to extend *Bivens* liability to the corporation because, among other factors, judgments against those corporations would have little deterrent effect on federal officials. *Id.* at 70-71; *see also Minneci v. Pollard*, 565 U.S. 118, 126, 131 (2012). Similarly, no such remedy is available against Defendant CoreCivic here.

Plaintiff also has no recourse under *Bivens* for alleged constitutional violations by Defendant Barton or the Officers. Where the alleged misconduct by a privately-employed individual is encompassed by state tort law, a plaintiff has no remedy under *Bivens* and must instead "seek a remedy under state tort law." *Minneci*, 565 U.S. at 131 (declining to imply *Bivens* liability where "a federal prisoner [sought] damages from privately employed personnel working at a privately operated federal prison," and where Defendant's alleged conduct was "of a kind that typically falls within the scope of traditional state tort law").

Plaintiff explains that an Oklahoma agency denied his claims under the state's Governmental Tort Claims Act, OKLA. STAT. tit. 51, §§ 151-172, because the statute does not allow for relief against government contractors operating

5

prisons, Doc. 46, at 3 & Exs. 2-3 (citing OKLA. STAT. tit. 51, § 155(18)), and that the United States Department of Justice denied his Administrative Tort Claim because the Bureau of Prisons does not operate the Cimarron Correctional Facility, *id.* at 3 & Ex. 4. But Plaintiff could still pursue a state law claim for negligence, battery, or other torts. *See Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1104 (10th Cir. 2005) ("[P]rison officials may become liable [under state tort law] in the event that damage proximately results from a failure to exercise reasonable care to prevent harm" to the prisoner. (internal quotation marks and alteration omitted)); *see also Manning v. Core Civic*, No. CIV-23-137-R, 2024 WL 697680, at *3 (W.D. Okla. Jan. 19, 2024), *adopted*, 2024 WL 694037 (W.D. Okla. Feb. 20, 2024). Because Plaintiff may pursue these state-law remedies, *Bivens* is unavailable to him. *Myers v. Leavenworth Det. Ctr.*, 2019 WL 2208116, at *4 (D. Kan. May 22, 2019) ("Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against [a private federal facility] or its employees.").

    The undersigned concludes Plaintiff has not stated a valid cause of action and so has failed to state a claim on which relief may be granted.

### III. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Defendants' motion and dismiss Plaintiff's complaint in its entirety without prejudice.[4]

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court on or before November 22, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

---

[4] Plaintiff urges the Court to "maintain[] original (28 U.S.C. § 1331) and/or supplemental jurisdiction (28 U.S.C. § 1367(a))" over his claims. Doc. 46, at 1. Having determined the Court should dismiss Plaintiff's federal claims, the undersigned recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's state claims, to the extent that he has raised any. *See* 28 U.S.C. § 1367(c)(3) (permitting district courts to decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

**ENTERED** this 31st day of October, 2024.

                                                                   SUZANNE MITCHELL
                                                                   UNITED STATES MAGISTRATE JUDGE